IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-65-FL

| | |
|---|---|
| DAVID FULTON BOWEN, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the court on the parties' cross-motions for judgment on the pleadings. (DE 16, 18). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates, entered a memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation in the M&R and affirms defendant's decision.

**BACKGROUND**

On October 4, 2012, plaintiff filed an application for disability insurance benefits and supplemental security income, alleging disability beginning September 14, 2012. The application was denied both initially and upon reconsideration. Thereafter, plaintiff filed a request for hearing before an administrative law judge ("ALJ"), who, after hearing, denied plaintiff's claims by order entered February 6, 2015. Following the ALJ's denial of her applications, plaintiff timely filed a request for review with the Appeals Council. On December 9, 2015, the Appeals Council denied

plaintiff's request for review; thus, the ALJ's decision became the final decision of defendant. This action followed.

## DISCUSSION

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 190 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. at 189 (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

2

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

3

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since September 14, 2012. At step two, the ALJ found that plaintiff had the following medically determinable impairments: asthma, obesity, a bipolar disorder, and attention deficit hyperactivity disorder. At step three, the ALJ further determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments ("listings" or "listed impairments") in the regulations. See 20 C.F.R. § 404, Subpt. P, App.1 [hereinafter "Listing of Impairments"].

Before proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform medium work with the following limitations: lift 50 pounds occasionally and lift 25 pounds frequently; should not have exposure to concentrated pulmonary irritants; perform only simple, routine, repetitive tasks; cannot perform production work; can have only occasional interaction with other people. In making this assessment, the ALJ found plaintiff's statements about his symptoms not fully credible. At step four, the ALJ concluded plaintiff was unable to perform his past relevant work as a delivery driver, delicatessen clerk, or sandwich-maker. At step five, the ALJ determined that jobs exist in significant numbers that plaintiff is capable of performing. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.  Analysis

Plaintiff objects to the M&R's treatment of the following issues: the ALJ's explanation of the RFC determination relating to plaintiff's mental capacity; the ALJ's explanation of the effects of plaintiff's difficulties in social functioning as they relate to RFC; the ALJ's reasoning surrounding

4

the finding of Dr. Betty B. Aldridge ("Dr. Aldridge") that plaintiff is moderately limited in his ability to deal with supervisors; and the ALJ's credibility determination relating to plaintiff's description of his symptoms of asthma, obesity, and cognitive impairment. Plaintiff does not otherwise object to the M&R, and the court finds no clear error in the remaining portions. See Diamond, 416 F.3d at 315. Therefore, the court need address only the portions of the records M&R subject to objection.

1. Plaintiff's Mental Capacity

Plaintiff argues that the ALJ erred by failure to set forth specific findings regarding plaintiff's ability to stay on task. In support of this argument, plaintiff observes that the ALJ did not discuss plaintiff's ability to stay on task nor identify expressly the basis for concluding that plaintiff can perform only simple, routine, repetitive tasks; no production work; and interact with others only occasionally.

To evaluate a mental impairment, an ALJ must use the "special technique" described in the regulations, which affects the way in which an ALJ may apply the five-step sequential evaluation described above. 20 C.F.R § 404.1520a. In particular, the special-technique regulation requires an ALJ specifically to identify "the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s) and document [those] findings." Id. § 404.1520a(b)(1). Further, an ALJ must document "a specific finding as to the degree of limitation in each of" four categories of limitation including "[u]nderstand, remember, or apply information; interact with others; concentrate persist, or maintain pace; and adapt or manage oneself." Id. § 404 .1520a(c)(3). An earlier version of special-technique regulation in effect prior to March 27, 2017, specified a different set of

5

categories of limitation, namely "[a]ctivities of daily living; social functioning; and concentration, persistence, or pace[.]" 20 C.F.R. § 404.1520a(c)(3) (2016).

It is not problematic in this instance that the ALJ applied the rule in effect as of the date of decision for at least two reasons. First, although the ALJ organized his analysis by following the pre-March 27, 2017, version of the special technique, the ALJ nonetheless set forth findings addressing all relevant categories of limitation specified in the current regulation. (see DE 12 at 23 (discussing concentration, persistence, and pace); 25 (discussing ability to manage living with a roommate, drive, interaction with others, and ability to concentrate); 26 (discussing ability to read and memorize information)). Second, the subject of the objection at issue is plaintiff's ability to concentrate, and that part of the special-technique regulation discussing concentration was not modified in substance by the new regulation. Therefore, where plaintiff does not object to the ALJ's use of the version of the special-technique regulation in effect at the time of decision and the rule change is immaterial in this instance, the M&R's implicit approval of the ALJ's application of a now outdated regulation is not clearly erroneous. Diamond, 416 F.3d at 315.

Turning now to plaintiff's objection that the ALJ should have set forth express findings regarding plaintiff's ability to stay on task, the objection is unfounded. Specifically, while it is true that the ALJ did not address plaintiff's ability to "stay on task" in those exact words, the ALJ did set forth findings relating to plaintiff ability to complete tasks (DE 12 at 24 (noting plaintiff's ability "to complete tasks in a timely manner") and concentrate (Id. at 25 (noting that "[plaintiff] has problems focusing" and that Ritalin helps plaintiff "focus on things like working on a computer, writing, or reading.")). A fair reading of the ALJ's opinion discloses that the ALJ's discussion of plaintiff's ability to concentrate and complete tasks is synonymous with a finding relating to ability

6

to stay on task. Further, plaintiff has not demonstrated that an ALJ is required to set forth a finding relating to a claimant's ability to stay on task as distinguished from findings relating to ability to concentrate and complete tasks. Therefore, plaintiff's objection on these grounds is overruled.

Relatedly, plaintiff contends that the ALJ should have described more expressly the relationship between plaintiff's moderate difficulties in maintaining concentration, persistence, or pace and plaintiff's ability to stay on task. In particular, plaintiff objects that the ALJ's opinion does not state expressly whether limiting plaintiff's RFC to simple, routine, repetitive tasks; no production work; and only occasional interaction with other people was grounded in plaintiff's moderate limitation in concentration, persistence, or pace. However, this argument fails because the ALJ expressly cited plaintiff's difficulty concentrating in support of the RFC determination (See DE 12 at 25 ("He also has [ADHD]. He has problems focusing on things. Ritalin helps but not 100%")). Therefore, there exists no cause to doubt that the ALJ took into account plaintiff's difficulties with concentration in limiting plaintiff's RFC as described above and, in part, rested the decision on that evidence. Accordingly, the objection is overruled.

2. Plaintiff's Social Functioning

Plaintiff's second and third objections relate to the ALJ's treatment of evidence that plaintiff has difficulties in social functioning. Specifically, plaintiff contends generally that the ALJ did not adequately explain which aspects of the RFC determination were grounded in findings related to plaintiff's social functioning. Further, plaintiff objects that the M&R improperly speculates as to the manner of the ALJ's reasoning in an impermissible attempt to rationalize the decision post hoc.

"[C]ourts may not accept appellate counsel's post hoc rationalizations for agency action." Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 50 (1983)

7

(citing Burlington Truck Lines v. United States, 371 U.S. 156, 168 (1962). Instead, "[i]t is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself." Id. (citing Securities and Exchange Comm'n v. Chenery, 332 U.S. 194, 196 (1947).

In the instant matter, the M&R determined that the ALJ's decision to limit plaintiff's RFC to occasional interaction with other people rested on the opinion of Dr. Aldridge, which the ALJ cites in support of the RFC determination. The M&R is correct. Specifically, where the ALJ summarized Dr. Aldridge's opinion as finding that "[plaintiff] could perform the mental demands of a wide range of unskilled work with limited social interaction[,]" (DE 12 at 28), and cited that opinion in support of the conclusion that "[plaintiff] can have occasional interaction with other people[,]" (DE 12 at 24) the ALJ's explanation of its decision is adequate since the conclusion in the RFC directly follows from the evidence cited. Further, the recommendation in the M&R does not constitute a post hoc rationalization of the ALJ's decision but a straightforward reading of it. See Motor Vehicle Mfrs, 463 U.S. at 50. Accordingly, plaintiff's objections on these grounds are overruled.

3.  Plaintiff's Credibility

In assessing credibility of a claimant's allegations of pain or other disabling symptoms, the ALJ must follow a two-step process: (1) the ALJ must determine whether the claimant's medically determinable impairments could reasonably cause the alleged symptoms, including pain, and (2) the ALJ must evaluate the credibility of the statements regarding those symptoms. Craig, 76 F.3d at 594-96. The evaluation must account for "all the available evidence, including the claimant's medical history, medical signs, . . . laboratory findings," "daily activities," and "medical treatment." Id. at 595 (internal quotations omitted). The decision must contain "specific reasons for the finding

8

on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996).

At step one, the ALJ found that plaintiff's medically determinable impairments could reasonably cause the alleged impairments stemming from asthma, obesity, and mental disorders. (DE 12 at 27)). At step two, the ALJ found that plaintiff's testimony regarding the intensity, persistence and limiting effects of his asthma was not fully credible. (Id.). The ALJ explained his credibility determination as follows:

> The claimant's <u>asthma has been well-controlled</u> with treatment and <u>he has not had and acute asthmatic attacks</u>. He does not have any signs of respiratory insufficiency. He <u>does not have any functional limitations due to his obesity</u> and this condition does not increase the restrictions he has from his other impairments. The claimant's <u>mental disorders have been well-controlled with treatment</u>. [Dr. Vijay Ghate, M.D., of Fellowship Health Resources] indicated that these mental disorders are in remission and the claimant concurred that he was doing very well.
>
> In addition, the medical evidence and <u>observations by the Administrative Law Judge do not reveal any evidence of a change in motor tone or bulk such as disuse atrophy</u>, or other change in body habitus or constitutional appearance such as weight loss, which might be expected in a person whose activities are markedly restricted due to a debilitating disease process. These factors indicate that the claimant's allegations of functional restrictions are not fully credible.

(Id. (emphasis added)). In this manner, the ALJ properly discounts plaintiff's testimony regarding asthma based on the fact that plaintiff receives treatment for asthma and has not experienced acute attacks. (Id.). Further, the ALJ discounted plaintiff's testimony regarding the effects of his obesity based on observations of plaintiff's normal muscle tone and bulk. (Id.). Finally, the ALJ discounted plaintiff's testimony regarding the effect of his mental disorders on the basis of plaintiff's inconsistent statements and contrary evidence given by a treating physician. (Id.). Thus, in each

9

of the foregoing instances, the ALJ's finding that plaintiff's testimony was not fully credible rested on substantial evidence and was adequately explained. See Monroe, 826 F.3d at 190. Accordingly, where plaintiff objects that "[t]he ALJ once again does not explain what testimony he found not credible, why he found it not credible, and what evidence in the record rendered the testimony not credible[,]" (DE 21 at 5), the objection is overruled.

## CONCLUSION

Based on the foregoing, the court ADOPTS the recommendation in the M&R. Plaintiff's motion for judgment on the pleadings (DE 16) is DENIED, and defendant's motion for judgment on the pleadings (DE 18) is GRANTED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 31st day of March, 2017.

LOUISE W. FLANAGAN
United States District Judge